IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

S. ROGER DOBBS,

    Plaintiff,

v.                                    Civil Action No. 5:14CV2
                                                     (STAMP)
CONSOLIDATED COAL CO.,
HANNA COAL CO.,
RUDICK FORENSIC ENGINEERING, INC.,
and NATIONWIDE INSURANCE COMPANY, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DISMISSING ACTION FOR FAILURE TO PROSECUTE CLAIM
AND DENYING DEFENDANTS' PENDING MOTIONS AS MOOT**

I.   Background

The plaintiff, S. Roger Dobbs, originally filed his complaint in the Circuit Court of Marshall County, West Virginia. The plaintiff's claims arise out of damage to the plaintiff's property that allegedly resulted from mine subsidence. The defendants later removed the action based on diversity of citizenship under 28 U.S.C. § 1332. Prior to removal, many of the defendants in this action were dismissed. Only Consolidation Coal Company ("CCC"),[1] Hanna Coal Co. ("Hanna"), Rudick Forensic Engineering, Inc. ("Rudick"), and Nationwide Insurance Company, Inc. ("Nationwide") remained as defendants in this action at the time of removal.

---

[1] In the motion to dismiss or in the alternative motion to sever filed by the defendant CCC, the defendant indicates that it was incorrectly designed as Consolidated Coal Company.

Currently pending are the defendants' separate motions to dismiss.[2] CCC previously filed its motion to dismiss in the state court action. In this motion, CCC argues that this action should be dismissed for a lack of subject matter jurisdiction, failure to state a claim, and insufficient of service process. Nationwide also previously filed its motion to dismiss in the state court action, but Nationwide filed it again in this Court as a renewed motion to dismiss. In its motion, Nationwide argues that the plaintiff's claims against it must be dismissed because of insufficient service of process and for failure to state a claim. Finally, Rudick filed its motion to dismiss for the first time with this Court, where it argued that plaintiff's claims against it should be dismissed because the parties previously agreed to such dismissal.

In addition to the defendants filing their motions to dismiss, plaintiff's counsel filed a motion to withdraw after the defendants removed this action. Plaintiff's counsel asserted that she only appeared in this matter to allow the plaintiff additional time to secure representation. Counsel indicated that she did not have the resources necessary to invest in this case and the plaintiff cannot afford the costs. This Court held a hearing on the motion to withdraw, which the plaintiff himself appeared at by telephone.

---

[2]CCC filed one motion to dismiss on behalf of Hanna Coal Company and itself, as Hanna Coal Company's successor.

The plaintiff indicated that he wished to retain new counsel but needed additional time to do so. Therefore, this Court entered an order staying this action for 30 days to allow the plaintiff to retain new counsel. Further, the order stated that at the end of the 30 days, the Court would act on plaintiff's counsel's motion to withdraw, and deem the plaintiff <u>pro se</u> if new counsel made no appearance on the plaintiff's behalf.

After the 30-day stay ended, new counsel made no appearance on behalf of the plaintiff. Thus, this Court entered an order granting plaintiff's counsel's motion to withdraw and designated the plaintiff <u>pro se</u>. Further, this Court set deadlines to file responses and replies to the pending motions to dismiss. On the date of the deadline for responses to the motions to dismiss, the plaintiff contacted this Court by telephone and thereafter through electronic mail, indicating that he needed an additional 60 days to retain counsel because it had taken extra time to obtain his files from his previous counsel. This Court granted the plaintiff's request, and stayed this action for an additional 60 days to allow the plaintiff to retain new counsel. This Court indicated that if at the end of the 60 days plaintiff did not retain new counsel, the plaintiff would continue to be designated <u>pro se</u> and new deadlines for responses and replies to the pending motions to dismiss would be provided.

At the end of the 60-day stay, new counsel made no appearances on behalf of the plaintiff. At that time, this Court issued another order setting deadlines for responses and replies to the pending motions to dismiss. This Court directed the plaintiff to file a response to the motions on or before June 18, 2014. As of the date of this opinion, the plaintiff has neither contacted the Court in any way nor filed any response to the pending motions to dismiss as this Court directed him. The defendants, however, all filed separate supplemental briefings concerning their motions to dismiss. In their briefings, the defendants all individually request that this Court dismiss this action under Federal Rule of Civil Procedure 41(b) based on the plaintiff's apparent failure to prosecute.

On August 13, 2014, this Court issued a <u>Roseboro</u> notice to the plaintiff because he is proceeding <u>pro se</u>. This notice alerted him to the fact that motions to dismiss were pending and that a failure to respond to such motions may result in the entry of an order of dismissal against him. Further, the notice alerted him to what is required to withstand a motion to dismiss. This Court directed the plaintiff to file any opposition to the pending motions to dismiss within ten days of the receipt of the notice. While the return receipt was not dated, this Court received the receipt on August 15, 2014. As of the date of this order, the plaintiff has neither

filed any response to the motions to dismiss nor contacted this Court regarding his civil action in any way.

## II. Discussion

Under Federal Rule of Civil Procedure 41(b), a court may dismiss a civil action upon motion of a defendant if a "plaintiff fails to prosecute or to comply with these rules or a court order." The Supreme Court has also determined that a court may dismiss a civil action under these circumstances on its own motion. Link v. Wabash R.R., 370 U.S. 626 (1962). However, as dismissal is a severe sanction, dismissal under circumstances of failure to prosecute "must be tempered by a careful exercise of judicial discretion." Bush v. USPS, 496 F.2d 42, 44 (4th Cir. 1974) (internal quotation marks omitted) (quoting Durgin v. Graham, 372 F.2d 130, 131 (5th Cir. 1967)). Although courts have discretion regarding dismissal for failure to prosecute, it generally is allowed only "'in the face of a clear record of delay or contumacious conduct by the plaintiff.'" Bush, 496 F.2d at 44 (quoting Durham v. Florida East Coast Ry. Co., 385 F.2d 366, 368 (5th Cir. 1967)).

In this case, this Court finds that the plaintiff's consistent failure to prosecute or to even adhere to the orders of this Court requires dismissal of his case. The plaintiff received numerous opportunities and filing extensions to comply with this Court's deadlines. The plaintiff also received orders from this Court

indicating the deadlines for filing responses and replies. Further, plaintiff received a Roseboro notice alerting him of defendants' motions to dismiss, the consequences of failing to respond to the motions, and what is required to withstand the motions. Other than appearing by telephone for his counsel's motion to withdraw and moving pro se to stay the action, the plaintiff's civil action remains inactive. The plaintiff has neither contacted nor attempted to contact this Court. He exhibits no intent to following this Court's orders or to prosecute his claim against the defendants. Therefore, this Court dismisses plaintiff's action against the defendants for failure to prosecute. As a result, the defendants' pending motions will be denied as moot.

## III. Conclusion

For the reasons stated above, plaintiff's action against defendants Consolidation Coal Company and Nationwide Insurance Company are DISMISSED WITHOUT PREJUDICE for failure to prosecute under Federal Rule of Civil Procedure 41(b). Plaintiff's action against Rudick Forensic Engineering, Inc. is DISMISSED WITH PREJUDICE.[3] Consolidation Coal Company's motion to dismiss (ECF No. 3) is DENIED AS MOOT. Nationwide Insurance Company's motion to

---

[3] While CCC and Nationwide's motions to dismiss (ECF Nos. 4 and 6) raise jurisdictional issues as well as failure to state a claim, this Court assumes without deciding that it has jurisdiction to decide the motion to dismiss for failure to prosecute.

dismiss (ECF No. 4) and renewed motion to dismiss (ECF No. 6) are both DENIED AS MOOT.  Rudick Forensic Engineering, Inc.'s motion to dismiss (ECF No. 9) is DENIED AS MOOT.  It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified and regular mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    September 4, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE